UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES RODGERS,

    Plaintiff,

v.                                      CAUSE NO. 3:21-CV-417 DRL-MGG

WILLIAM HYATTE *et al.*,

    Defendants

OPINION AND ORDER

Charles Rodgers, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Rodgers alleges that he was bitten by a canine officer during an incident at Miami Correctional Facility (MCF) on November 16, 2020. Specifically, he claims that on that date, two inmates stabbed each other during a fight. He claims he was "released from his cell . . . to help control [the] incident." He made his way to the area where the fight

had occurred, and encountered Sergeant Justin McCray and his canine partner. Sergeant McCray told him to get on the ground three separate times. However, Mr. Rodgers states that he "refused to get on the ground" because of a prior incident in which he had been bitten by a dog. Thereafter, Sergeant McCray released the canine, which bit Mr. Rodgers on his leg.

As a result of the incident, Mr. Rodgers was charged with attempted assault of staff in violation of the prison disciplinary code. According to the conduct report attached to the complaint, Sergeant McCray accused Mr. Rodgers of threatening to "beat" his dog and then hitting the dog during this incident. Mr. Rodgers was found guilty in the disciplinary proceeding, and as a sanction he served time in restrictive housing, lost earned-time credits, and received a credit-class demotion.

In his complaint, he claims that Sergeant McCray used excessive force against him and made a "false" disciplinary charge, though he was not acting aggressively during this incident and "never attempted to assault anyone, including this canine dog." He further claims that the hearing officer violated his rights by falsely summarizing the video evidence, denying him requested evidence, and committing other due process errors.[1] As a result of these events, he seeks monetary damages against Sergeant McCray, the hearing officer, the warden, and others.

---

[1] Mr. Rodgers takes issue with the hearing officer's characterization that he could be seen on the video "taking his shirt off and puffing out his chest in an aggressive manor," as well as "moving his arms around and pointing in the direction of staff." His account is that he had his "hands in the air the entire episode."

Mr. Rodgers fails to state a claim upon which relief can be granted. He cannot seek damages based on allegations that he did not assault the canine, that the charges against him were "false," or that his due process rights were violated in the disciplinary proceeding, because such claims necessarily imply the invalidity of his disciplinary conviction.[2] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck* applies to prison disciplinary convictions). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). Indeed, public records reflect that Mr. Rodgers recently filed a federal habeas petition challenging this same disciplinary conviction, which remains pending. *See Rodgers v. Warden*, No. 3:21-CV-230-DRL-MGG (N.D. Ind. filed Mar. 31, 2021). This case must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v.*

---

[2] The court is cognizant that excessive force claims are not categorically barred by *Heck*. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Here, however, Mr. Rodgers alleges that he was not acting aggressively during the incident with Sergeant McCray so as to give him cause to release the dog, and that he did not hit or threaten the canine—allegations which directly undermine his disciplinary conviction. *Id.* (*Heck* bar applies "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction").

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude that, if given another opportunity to plead his claims, Mr. Rodgers could overcome the *Heck* bar. *See Morgan*, 914 F.3d at 1120 ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments.").

For these reasons, the court DISMISSES this action WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A and DIRECTS the clerk to close this case.

SO ORDERED.

July 26, 2021  *s/ Damon R. Leichty*
Judge, United States District Court